# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JASON EUGENE SIBLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00157 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **L. MULLINS, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Jason Eugene Sibley, Pro Se Plaintiff.*

The plaintiff, Jason Eugene Sibley, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Sibley asserts that he was found guilty of and penalized for a prison disciplinary infraction without due process. Taking his allegations as true, I conclude that this action must be summarily dismissed for failure to state a claim on which relief can be granted.

Sibley is confined at Red Onion State Prison ("Red Onion"). Counselor Adams wrote an offense code 137A disciplinary charge against Sibley, stating that "while doing rounds in A2 pod on November 6, 2018 at approximately 11:45 a.m., I observed offender J. Sibley masturbating in my direction." Compl. 3, ECF No. 1. On November 14, 2018, Officer Mullins conducted a disciplinary hearing on the charge. Adams asked that her written statement stand as her testimony, and

Mullins granted that request. According to Sibley, "There was no evidence shown in the hearing that say I am guilty of the 137A offense." *Id.* Based on Adams' written statement, Mullins found Sibley guilty of the offense. Sibley appealed Mullins' finding, explaining that no evidence was offered at the hearing. Nevertheless, Warden Kiser did not "correct the violation." *Id.*

Sibley filed a regular grievance complaining that he had been deprived of due process during the disciplinary proceedings. J. Messer rejected the regular grievance as "[n]on-grievable," indicating that the "issue has been defined as non-grievable in accordance with Operating Procedure ["O.P."] 866.1." V.S. 2, ECF No. 3. Messer also indicated that disciplinary "hearing decisions, penalties, and/or procedural errors" can be appealed in accordance with O.P. 861.1, Offender Discipline. *Id.* Sibley appealed the intake rejection to the Regional Ombudsman, who upheld Messer's finding.

In the Complaint, Sibley alleges that defendants Mullins, Kiser, Messer, and the ombudsman deprived him of due process by finding him guilty of a disciplinary offense without evidence or by failing to correct that due process error when notified in disciplinary appeals or grievances. As relief, Sibley seeks injunctive and declaratory relief and punitive and nominal damages.

The court may summarily dismiss "any action brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional

facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Prisoners retain rights under the Due Process Clause, but because prison disciplinary proceedings are not part of a criminal prosecution, the full array of rights due a defendant in such proceedings does not apply. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of a constitutionally protected liberty interest, he is entitled to limited due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) a neutral decision-maker. *Wolff*, 418 U.S. at 564-71. There is no constitutional right to confront and cross-examine witnesses in person during a

prison disciplinary proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004).

I conclude that Sibley has not stated any viable due process claim under § 1983 related to the challenged disciplinary proceedings. His allegations do not suggest that the defendants failed to afford him notice of the charge, a hearing, an opportunity to present evidence in his defense, and a written report of the evidence relied upon in finding him guilty of the offense, namely, Adams' written statement. Sibley apparently believes that the hearing was procedurally deficient because Adams, as the reporting officer, did not personally testify or submit to cross-examination during the proceeding. Because Sibley has no constitutional right to confront or cross-examine his accuser in a prison disciplinary proceeding, however, this procedural due process claim lacks merit.

Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). The hearing officer based his finding of guilt on the reporting officer's written statement. Thus, the finding of guilt was supported by some evidence in the record, as required under *Hill*. Accordingly, the hearing officer's finding was not wholly arbitrary and capricious, and I have no authority to disturb it. *Id.* at 456.

For the stated reasons, I am satisfied that Sibley's Complaint fails to state a claim upon which relief can be granted.[1]  Therefore, on that ground, I will summarily dismiss this action without prejudice.  Dismissal without prejudice leaves Sibley free to refile his claim in a new and separate lawsuit if he can correct the deficiencies described in this Opinion.

A separate Final Order will be entered herewith.

DATED:  May 15, 2019

/s/  James P. Jones
United States District Judge

---

[1] Because Sibley has not described any due process violation that occurred during the disciplinary proceedings or appeals, no one committed a constitutional violation by failing to alter the disciplinary findings during grievance proceedings.  In addition, Sibley has no separate § 1983 claim that anyone violated his constitutional rights by rejecting his grievance concerning the disciplinary proceedings because it raised a matter not deemed to be grievable.  *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017) ("[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure.  An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process. . . .").